AMENDED HLD-098(February 2011)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4171
_____

JEROME GOLDEN,
                                        Appellant
v.

SUPERINTENDENT COLEMAN; KITCHEN SUPERVISOR JOHN DOE #4;
CORRECTIONAL OFFICER JOHN DOE#1; CORRECTIONAL OFFICER JOHN
DOE#2; SECRETARY OF CORRECTIONS, JEFFREY A. BEARD, P.H.D.;
SHIRLEY MOORE SMEAL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-00248)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2011
Before:  McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: April 19, 2011)
_____

OPINION
_____

PER CURIAM.

        Jerome Golden, a prisoner incarcerated at the State Correctional Institution

in Somerset, Pennsylvania, appeals the District Court's dismissal of his complaint.  For

1

the following reasons, we will dismiss Golden's appeal pursuant to 28 U.S.C. §
1915(e)(2)(B).

Golden's complaint, brought pursuant to 42 U.S.C. § 1983, alleges that
various prison employees at the State Correctional Institution in Fayette, Pennsylvania,
where he was formerly incarcerated, violated his constitutional rights by planting
"Government Micro Eye Cameras" in his food and broadcasting images obtained from
those cameras on prison television. Golden believes that, once ingested, the cameras
"attach[] to the visual cortex and then can be seen by someone on a computer," thus
providing the defendants with a means of keeping tabs on him. The District Court
dismissed Golden's complaint, pursuant to 28 U.S.C. § 1915A, finding that Golden's
"fantastic" and "delusional" allegations lacked a basis in fact.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.
Because Golden has been granted in forma pauperis status, we review this appeal for
possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Contrary to Federal Rule of
Civil Procedure 12(b)(6), § 1915(e)(2)(B) – formerly § 1915(d) – provides a court with
"the unusual power to pierce the veil of the complaint's factual allegations and dismiss
those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490
U.S. 319, 327 (1989). "[A] finding of factual frivolousness is appropriate when the facts
alleged rise to the level of the irrational or the wholly incredible, whether or not there are
judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S.
25, 33 (1992).

2

Having reviewed Golden's complaint, we conclude that his allegations are fantastic, delusional, and simply unbelievable. Id. at 32-33 (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are 'fanciful,' 'fantastic,' and 'delusional[.]'") (citations omitted). Accordingly, we will dismiss Golden's appeal. Golden's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).